**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL ZAVALA-ARREVALOS, AKA Raul Zavala,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 10-72258<br><br>Agency No. A091-734-069<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2014[**]
Phoenix, Arizona

Before: WALLACE, SILVERMAN, and M. SMITH, Circuit Judges.

Raul Zavala-Arrevalos (Zavala), a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals (BIA) denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion for remand.[1]  Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.  We deny the petition for review.

The BIA did not err in denying Zavala's motion for remand.  Zavala argues that his due process rights were violated because he was not competent to represent himself in removal proceedings before the IJ.  He asks for a new opportunity to present evidence relating to his positive equities in support of his application for cancellation of removal.  More specifically, Zavala asserts that he would present evidence concerning hardship to his son and wife due to his son's expulsion from school, which was caused by Zavala's detention and absence.

To prevail on a due process claim, a petitioner must demonstrate error and substantial prejudice.  *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000).  We will not presume prejudice.  *Id.*  Zavala fails to demonstrate substantial prejudice.  Zavala raises no argument concerning how the evidence he wishes to present would offset his strong negative factors, including his extensive criminal history, drug abuse, and lack of genuine rehabilitation.  He merely argues that no showing of prejudice is required, but we have squarely rejected this argument.  *See id.*

---

[1] The BIA also affirmed the Immigration Judge's discretionary denial of cancellation of removal.  Because Zavala did not raise any challenge to the discretionary denial in his opening brief, he has waived any such challenge.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

In light of his failure to establish prejudice, Zavala's due process claim fails. Accordingly, the BIA did not err in denying Zavala's motion for remand.[2]

**PETITION DENIED.**

---

[2] Zavala filed an additional motion for remand after he filed the petition for review. We deny the motion for remand because it raises the same issues and requests the same relief as his petition for review. Additionally, the motion impermissibly raises new facts not in the administrative record and new arguments not raised before the BIA or in the opening brief. *See* 8 U.S.C. § 1252(b)(4)(A); *Martinez-Serrano*, 94 F.3d at 1259–60; *Fisher v. I.N.S.*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).